FILED'06 OCT 19 15:30USDC-ORP

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| ALAA-EDDINE ABOU-ELMAJD,<br><br>    Petitioner,<br><br>vs.<br><br>ALBERTO R. GONZALES, U.S. Attorney General; ROBERT S. MUELLER, III, Director, Federal Bureau of Investigation; MICHAEL A. CANNON, National Namecheck Section Chief, FBI; MICHAEL CHERTOFF, Secretary, Department of Homeland Security; EMILIO GONZALEZ, Director, U.S. Citizenship and Immigration Services; and WILLIAM McNAMEE, District Director, U.S. Citizenship and Immigration Services,<br><br>    Respondents. | Civil Case No. 06-1154-KI<br><br>OPINION AND ORDER |

James K. Hein
Brent W. Renison
Tonkon Torp LLP
888 S.W. Fifth Avenue, Suite 1600
Portland, Oregon 97204

    Attorneys for Petitioner

Karin J. Immergut
United States Attorney
District of Oregon
Kenneth C. Bauman
Assistant United States Attorney
United States Attorney's Office
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

    Attorneys for Respondent

KING, Judge:

Petitioner Alaa-Eddine Abou-Elmajd filed a Petition for Writ of Mandamus to compel respondents Alberto R. Gonzales, Robert S. Muller, III, Michael A. Cannon, Michael Chertoff, Emilio Gonzalez, and William McNamee (collectively, the "government") to act on his application to become a lawful permanent resident, and to renew his employment authorization document. Before me is Respondents' Motion to Dismiss (#25).

## FACTUAL AND PROCEDURAL BACKGROUND

Abou-Elmajd, born in Egypt and a citizen of Lebanon, entered the United States on a student visa on February 13, 2001. He filed an Application to Register Permanent Residence or Adjust Status on September 5, 2003. While his application was pending, he worked pursuant to an Employment Authorization Document (EAD), which was issued annually by the United States Citizenship and Immigration Services (CIS).

Page 2 - OPINION AND ORDER

In November 2005, CIS told Abou-Elmajd that he needed to have his EAD renewed temporarily every 60 days, rather than annually. Abou-Elmajd had already made his annual payment, but he complied with the direction. On August 8, 2006, Abou-Elmajd submitted his renewal application and the desk agent checked the "approved" box and circled the word "extended." The desk agent then went to the back of the office to file the application, but returned and handed it back to Abou-Elmajd refusing to renew his EAD. The clerk refused to explain the reason for the denial, except to refer to a secret, undisclosed "memo."

Abou-Elmajd filed a Petition for a Writ of Mandamus and a Motion for Temporary Restraining Order and Motion for Order to Show Cause why a Preliminary Injunction Should Not Issue on August 14, 2006. He also filed a Motion for Expedited Discovery.

In his Petition for a Writ of Mandamus, Abou-Elmajd requested that this Court order CIS to adjudicate his Application to Register Permanent Residence or Adjust Status. He also requested that his EAD be adjudicated.

Judge Michael W. Mosman granted the Motion for Temporary Restraining Order, and scheduled a hearing before this Court on the Order to Show Cause and Motion to Expedite Discovery. The Order granting the Temporary Restraining Order directed CIS to issue Abou-Elmajd an EAD for ten days pending the outcome of the litigation.

Prior to the scheduled hearing, petitioner filed an Amended Petition for Writ of Mandamus, seeking the same relief, a Motion to Compel and an Amended Motion for Discovery and/or Inspection. The preliminary injunction hearing was rescheduled pending discussion of the discovery motions at a telephone conference at the end of August.

On August 24, 2006, CIS granted Abou-Elmajd's Application to Register Permanent Residence or Adjust Status, and on August 30, 2006 Abou-Elmajd was notified of this fact. As a result, he is considered to be a lawful permanent resident alien, and is entitled to a "green card," and no longer needs an EAD. Subsequently, at the plaintiff's request, the court struck the telephone conference and the preliminary injunction hearing.

## LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) will only be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Gibson v. United States, 781 F.2d 1334, 1337 (9th Cir. 1986), cert. denied, 479 U.S. 1054 (1987). The review is limited to the complaint, and all allegations of material fact are taken as true and viewed in the light most favorable to the non-moving party. Cassettari v. Nevada County, Cal., 824 F.2d 735, 737 (9th Cir. 1987).

## DISCUSSION

The government asserts that because Abou-Elmajd has been accorded status as a lawful permanent resident alien, the relief he seeks in his Amended Petition for Writ of Mandamus has been granted and the litigation is moot.

Abou-Elmajd responds that his case is not moot because the doctrine of voluntary cessation applies. The Supreme Court has explained, "It is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice. If it did, the courts would be compelled to leave the defendant free to return to his old ways." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 189 (2000) (internal quotation omitted). However, the doctrine will not save a

case from dismissal due to mootness "if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." Id. (quotation omitted). The government, as the party claiming mootness, has the heavy burden of demonstrating that the conduct cannot "reasonably be expected to start up again." Id.

Abou-Elmajd argues that CIS has not agreed that it should cease to rely on the secret "memo" in the future. In addition, based on its past treatment of Abou-Elmajd, it is not "absolutely clear" that CIS will comply with its regulations and the United States Constitution in the future. CIS could rescind Abou-Elmajd's status as a lawful permanent resident for a period of five years. See 8 U.S.C. § 1256 (2000) (if an applicant was ineligible at the time his status was adjusted, CIS may rescind its approval). Abou-Elmajd is willing to stipulate to a judgment dismissing the case if the judgment also provides that the government will not seek rescission of his status as lawful permanent resident under 8 U.S.C. § 1256 unless it obtains new information not in its possession at the time of adjustment.

The government has not filed a reply in support of its motion to dismiss. Accordingly, I cannot find that it has met the "heavy burden" of demonstrating that it is "absolutely clear" it will comply with its own regulations and the United States Constitution in the future. See Friends of the Earth, 528 U.S. at 189. The government has given no assurances that the challenged action will not take place again. Accordingly, I deny the government's motion to dismiss.

///

///

## CONCLUSION

Based on the foregoing, Respondents' Motion to Dismiss (#28) [Amd #27] is denied.

IT IS SO ORDERED.

Dated this 19th day of October, 2006.

　　　　　　　　　　　　　　　　　/s/ Garr M. King
　　　　　　　　　　　　　　　　　Garr M. King
　　　　　　　　　　　　　　　　　United States District Judge

Page 6 - OPINION AND ORDER